IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50114
Summary Calendar
_____

NELSON CASTELLANOS,

                                        Plaintiff-Appellant,

        versus

K. LOVE, Dr., Boyd Unit; WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas

(W-95-CV-333)

_____

November 20, 1997
Before GARWOOD, JONES and STEWART, Circuit Judges.[*]

PER CURIAM:

        Plaintiff-appellant Nelson Castellanos (Castellanos), an

inmate in the Boyd Unit of the Texas Department of Criminal Justice

(TDCJ), proceeding pro se, filed this suit against defendants-

appellees Dr. Kenneth C. Love (Love), a doctor with the TDCJ, and

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wayne Scott (Scott), Director of the TDCJ. In his complaint, Castellanos alleged several state and federal claims against the defendants arising from a minor surgery to Castellanos's finger. Specifically, Castellanos alleged that Love and Scott denied him proper medical care in violation of his Eighth Amendment rights, that defendants retaliated against him by removing his four-hour work restriction, and that they committed the state-law torts of civil conspiracy, intentional infliction of emotional distress, and medical negligence.

Scott moved to have Castellanos's suit dismissed for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), on the grounds that *respondeat superior* was insufficient to incur liability under 42 U.S.C. § 1983. Both Scott and Love moved for summary judgment, arguing that the Eleventh Amendment barred a suit against them in their official capacity, they were qualifiedly immune, and they were not deliberately indifferent. The district court, in its memorandum order, *Castellanos v. Love*, No. W-95-CA-333 (W.D. Tex. Jan. 24, 1997), granted Scott's motion to dismiss and Love's motion for summary judgment.

We detect no error in the district court's judgment and affirm the granting of Scott's motion to dismiss and Love's motion for summary judgment. Since the district court, in its discretion, declined to exercise supplemental jurisdiction over Castellanos's state-law tort claims, those state claims are dismissed without

prejudice under 28 U.S.C. § 1367(c) (1993), and the judgment below as to the state law claims is hereby modified to so reflect.  In all other respects, the judgment is affirmed without modification.

AFFIRMED AS MODIFIED